## THE MICHIGAN STATE INSURANCE COMPANY

### v.

### STEPHEN ABENS.

1. PROCESS—SERVICE UPON CORPORATION.—Service of a summons upon a foreign insurance company which states that the president of the company was not found in the city of Aurora, but fails to state that he was not found in the county where suit was brought, is insufficient; it is not a compliance with the statute.

2. SERVICE UPON AGENT—WHEN COMPANY HAS CEASED DOING BUSINESS IN THE STATE.—The act relating to foreign insurance companies provides that when such company ceases to transact business in this State, the agents last designated, or acting as such, shall be deemed to continue for the purpose of serving process, etc.; in such a case service must be made upon such last designated agents of the company, and the sheriff takes upon himself the responsibility of determining whether service is actually made upon an officer of the company.

3. WHO IS MEANT BY LAST DESIGNATED AGENT.—The statute evidently refers to the agents last acting in the entire State, and not to such as may have been dispensed within any particular county where the plaintiff happens to reside, provided others remain in the jurisdiction upon which service can be made.

ERROR to the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.    Opinion filed May 2, 1879.

Mr. CHARLES WHEATON, for plaintiff in error; that if process has not been properly served, the court has no authority, and all its proceedings are void, cited Goudy v. Hall, 30 Ill. 109; Johnson v. Johnson, 30 Ill. 215; Campbell v. McCahan, 41 Ill. 45; G. T. M. M. & T. Co. Schiemer, 64 Ill. 106.

Where service is insufficient and no appearance, the judgment must be reversed;    St. L. A. & T. H. R. R. Co. v. Dorsey, 47 Ill. 288.

It must appear affirmatively from the officer's return that there was legal service:    Varian v. Edmonson, 5 Gilm. 270; Belingal v. Gear, 3 Scam. 575; Cost v. Rose, 17 Ill. 276; Boyland v. Boyland, 18 Ill. 551.

The return must be positive as to service on the proper officer of a corporation:    Ill. & Miss. Tel. Co. v. Kennedy, 24 Ill. 319.

Nothing will be presumed in favor of the jurisdiction of an inferior court:    Shufeldt v. Buckley, 45 Ill. 223.

City courts cannot send their process beyond the city limits: People v. Evans, 18 Ill. 361; Holmes v. Fihlenburg, 54 Ill. 203; Dixon v. Dixon, 61 Ill. 324.

It must appear from the return that service was had in the city:    Gardner v. Witbord, 59 Ill. 145.

A party may contest the fact of such service:    Owens v. Ranstead, 22 Ill. 161; Brown v. Brown, 59 Ill. 315; Hickey v. Stone, 60 Ill. 458; Wilday v. McConnell, 63 Ill. 278.

The Circuit Court alone has jurisdiction of such actions: Board of Supervisors v. Young, 31 Ill. 194; Randolph County v. Ralls, 18 Ill. 29.

Want of proper service may be raised by motion:    Protection Life Ins Co. v. Palmer, 81 Ill. 90.

Mr. B. F. PARKS, for defendant in error; as to service upon corporations, cited Rev. Stat. 1874, 598.

Upon the question of jurisdiction of the city court:    Rev. Stat. 1874, 345, § 191.

SIBLEY, J. An action of assumpsit was commenced in the City Court of Aurora, by Stephen Abens against the appellant, upon a policy of insurance issued by it to indemnify him in case of loss from fire. At the June term of that court a judgment by default was entered against the company. Afterwards during the term, a motion was made to set aside the default on account of an insufficient service upon the defendant in the suit, which reads as follows:

"Served this on the within named, the Michigan State Insurance Co. of the city of Adrian, Michigan, by reading and by delivering a copy to C. H. White and David Iliff, as agents for said company, the president of said company not found in the city of Aurora, Kane county, Illinois, this 10th day of May, 1876.

"CHAS. S. MIXER, Sheriff,

"By I. W. Rice, Deputy."

And for leave to plead. Affidavits were filed in support of the motion, from which it appeared that White and Iliff had ceased to be agents of the company for a considerable period previous to the service on them.

The court refused to open the default and allow the company to plead to the action. From that decision an appeal was taken, and this is the only question presented for our consideration.

A service very similar was held in The Illinois and Mississippi Telegraph Co. v. Kennedy, 24 Ill. 319, to be insufficient. It was there said that the return must be positive and the sheriff takes upon himself the responsibility of determining the fact whether the service was actually made upon an officer of the corporation. The service here is defective not only in this respect, but it is also open to another objection. It states that the president of the company was not found in the city of Aurora. What is the inference to be drawn from that statement? Simply that he might have been found outside of the city, in the county of Kane, if search had been made. This is not a compliance with the statute, which authorizes a service upon an agent only in case the president cannot be found in the county where the suit is brought.

Counsel for appellee make one point which will be noticed. The other reasons urged, especially those outside the record,

cannot be expected to have any influence upon the decision of the case in this court.

Sec. 22 of Ch. 73, of the revised laws of 1874, in relation to fire insurance companies, reads that "in case any insurance company not incorporated in this State, shall cease to transact business in this State according to the laws thereof, the agents last designated or acting as such for such corporation, shall be deemed to continue agents for such corporation, for the purpose of serving process for commencing action upon any policy or liability issued or contracted while such corporation transacted business in this State; and service of such process for the cause aforesaid upon such agents shall be deemed a valid personal service upon such corporation."

When a foreign insurance company has ceased to transact business in this State, the agents last designated are deemed to continue in office, for the purpose of serving process upon the corporation.

This in no respect changes the rule stated in The Illinois and Miss. Telegraph Co. v. Kennedy, *supra*. It is wholly immaterial whether the agent is created by the corporation or continued in office by force of the statute. The service should be the same, and the officer making it in either case must take upon himself the obligation of stating the fact of agency in positive terms.

Although the company may have, as is insisted, withdrawn its business from the State, still, to render the service a valid one under the statute on a person not at the time an officer of the corporation, it must be made upon its agents last designated or acting as such. How is the proof upon that subject in the present case? Not that White or Iliff were the last designated or acting agents of the company, or even amongst the last in this State, but that one R. S. Critchell, residing in Chicago, had been continued after White and Iliff were discharged, and was at the time of this service acting as agent of the company. The statute evidently refers to the agents last acting in the entire State, and not to such as may have been dispensed with in any particular county where the plaintiff happens to reside, provided others remain in the jurisdiction

upon which service can be made. This it was doubtless seen would afford an ample remedy in such cases, as by the practice act the Circuit Court was empowered to send its process to any county in the State where the last acting agent might be found.

The City Court erred in not setting aside the default, and allowing the defendant to plead. The judgment is therefore reversed and the cause remanded, with leave to the appellant to plead to the merits of the action.

Reversed and remanded.