REGINA LASSERS, Appellee, *vs.* THE NORTH-GERMAN LLOYD STEAMSHIP COMPANY, Appellant.

*Opinion filed April 21, 1910.*

1. PRACTICE—*the municipal court cannot extend time for filing statement or report after thirty days from judgment.* Paragraph 6 of section 23 of the Municipal Court act authorizes a judge who has entered a final order or judgment to extend the time for the signing or filing of the statement or stenographic report therein provided for within thirty days of the entry of such judgment, but the court is without power to allow an extension of time after thirty days, even though the period of extension granted within such thirty days has not expired.

2. SAME—*practice prevailing in circuit courts as to extensions of time does not control municipal court.* The practice prevailing in circuit courts in reference to the signing of bills of exceptions and extensions of time therefor furnishes no guide to the practice in the municipal court of Chicago, which depends entirely upon the statute.

3. SAME—*provision of section 38 of Municipal Court act does not apply to fourth and fifth class cases.* The provision of section 38 of the Municipal Court act giving the right to tender a bill of exceptions at any time within sixty days after the entry of a final order or judgment does not apply to fourth and fifth class cases, which are provided for by paragraph 6 of section 23.

4. SAME—*provisions of the Municipal Court act affecting that court alone are not unconstitutional.* While those provisions of the Municipal Court act which purport to affect the practice in the Appellate Court and Supreme Court are invalid as in violation of section 29 of article 6 of the constitution, requiring uniformity of powers and practice in courts of the same class or grade, yet those provisions which affect only the record, jurisdiction, proceedings and practice of the municipal court are valid, as being authorized by section 34 of article 4 of the constitution.

5. SAME—*when a party is under no obligation to move to set aside order.* Where an order extending the time for signing and filing the statement or stenographic report provided for in paragraph 6 of section 23 of the Municipal Court act is made more than thirty days after the entry of the final judgment, the opposite party is under no obligations to move to vacate the order, as the court is without power to make it.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.

RALPH BRUCKER, and DAVID & ZILLMAN, for appellant.

SAMUEL G. GRODSON, and BLUM & BLUM, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee sued the appellant in the municipal court of Chicago claiming $1000 for the loss of a trunk and its contents, which had been delivered to the appellant at Bremen, to be carried to New York. She recovered a judgment for $649 and costs on June 5, 1909. The appellant sued out of the Appellate Court a writ of error, and on July 1 obtained an order of the municipal court extending the time for filing a bill of exceptions to July 15. On July 14 another order was entered extending the time for filing a stenographic report of the testimony ten days, and on July 21 there was filed a bill of exceptions in the cause, which was also certified by the judge who tried the cause

and entered the judgment to be a correct stenographic report of the proceedings at the trial. In the Appellate Court the bill of exceptions and stenographic report were stricken from the record, on appellee's motion, because not signed or filed within the time allowed by the statute, and, since no error appeared in the remaining record, the judgment was affirmed. The Appellate Court granted a certificate of importance and allowed an appeal. The only question presented is whether or not the Appellate Court erred in striking the bill of exceptions and stenographic report from the record.

Paragraph 6 of section 23 of the Municipal Court act makes it the duty of a judge entering a final order or judgment, within thirty days thereafter, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, to sign and place on file, at the request of either party, either a correct statement of the facts appearing upon the trial and of all questions of law and the decisions of the court thereon, or a correct stenographic report of the proceedings at the trial, and a correct statement of such other proceedings in the case as the party may desire to have reviewed. This statement or report, with a certified copy of the judgment, and such other papers as may be specified by the judge, if any, constitute the record to be considered upon the review of said cause by the Appellate Court. The statement in this case was not signed or filed within thirty days of the entry of judgment. It was not signed or filed within any extension of time allowed by the court within thirty days of the entry of judgment. The only extension allowed within said period of thirty days expired July 15.

It is claimed on behalf of appellant that having within the period of thirty days extended the time, the court might within the extended period again extend it. This claim has no basis in the statute. By express provision the extension must be granted within thirty days. After that time the

power to grant an extension does not exist. Cases cited as to the practice in the circuit courts in reference to the signing of bills of exceptions and extensions of time therefor are not in point. The practice prevailing in those courts is well known but furnishes no guide to that of the municipal court, which depends entirely upon the statute.

It is insisted that section 38 of the Municipal Court act gives the right to tender a bill of exceptions at any time within sixty days after the entry of a final order or judgment. This section, however, deals only with cases of the first, second and third class and bastardy cases. The case now under consideration is one of the fourth class, the practice in which, as well as in the fifth class, is provided for in section 23. That section provides that the final orders and judgments of the municipal court in cases of the fourth class and fifth class shall be reviewed by writ of error, only. It then directs that the manner of prosecuting such writ of error shall be in the manner provided in that section. The sixth paragraph directs that the statement of facts, or the stenographic report mentioned therein, together with a certified copy of the judgment, and such other papers as may be specified by the judge, shall be certified as the record to be considered upon review.

Counsel for appellant insist that there exists a constitutional right to a bill of exceptions because such right exists in other courts of the same grade as the municipal court, and the constitutional requirement of uniformity of practice in courts of the same class or grade applies. The provisions of the Municipal Court act, so far as they purport to affect the practice of the Appellate Court or the Supreme Court, have been held to be invalid, being in violation of section 29 of article 6 of the constitution, which provides that "all laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the

force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." (*Clowry* v. *Holmes,* 238 Ill. 577; *David* v. *Commercial Mutual Accident Co.* 243 id. 43.) Those provisions, however, which affect only the record, jurisdiction, proceedings and practice of the municipal court are valid, since, by virtue of section 34 of article 4 of the constitution, section 29 of article 6 does not restrict the legislature in prescribing the jurisdiction and practice of such municipal court. *City of Chicago* v. *Reeves,* 220 Ill. 274; *Morton* v. *Pusey,* 237 id. 26.

The appellee was under no obligation to appear in the municipal court and move to vacate the order of July 14, purporting to extend the time to file a stenographic report of the testimony. The court had no power at that time to make such an order. There is nothing to show that the appellee knew of or consented to such order, even if such knowledge or consent could have affected the matter, and no ground for claiming a waiver or estoppel against her, even if there could be such waiver or estoppel, has been shown.

It is said that the municipal court had jurisdiction, within thirty days, to vacate, modify or set aside the order of July 1 extending the time to file a bill of exceptions to July 15. If so, it had no power to so modify the order, after the expiration of thirty days from the judgment, as to extend the time beyond that fixed by an order made within said period of thirty days.

The bill of exceptions, or stenographic report, by whichever name it may be called, was properly stricken from the record, and since no errors were complained of which appeared otherwise of record, the judgment was rightly affirmed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*