B. Tomaszewski et al., Plaintiffs in Error, v. Martin C. Anderson, Defendant in Error.

## Gen. No. 17,304.

MUNICIPAL COURT—*within what time statement of case must be filed.* The statement of case must be filed within thirty days of the judgment date or within such time thereafter as may have been provided for by extension granted within such thirty day period. A second extension granted after the lapse of the thirty day period is unavailing to continue the jurisdiction of the court.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Motion to strike sustained and affirmed. Opinion filed May 16, 1911.

WAYMAN & JURGENS, for plaintiffs in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court in a fifth class case in that court, entered on December 31, 1910. On January 27, 1911, within the thirty days provided by paragraph sixth of Section 23 of the Municipal Court Act, the time to file a statement of facts was by order of court extended to February 6, 1911; and on February 4, 1911, by agreement in open court an order was entered further extending the time to file such statement of facts to and including February 15, 1911. On the same date, February 4, 1911, and within the extended time originally granted, a statement of facts was presented to the trial judge, which was signed and filed by him on February 11, 1911, more than thirty days after the entry of final judgment, and after the expiration of the extension of time given within the thirty days after the entry of final judgment.

Upon this state of the record a motion is interposed to strike the statement of facts from the record upon the ground that the same was not signed by the trial judge and filed within the time allowed by the statute, and for an affirmance of the judgment for the reason that all the errors assigned are confined to such matters as appear in the statement of facts and do not involve or arise upon the statutory record. Lassers v. N. German Steamship Co., 244 Ill. 570; Haines v. Knowlton Danderine Co., 248 id. 259; and other cases are cited in support of the motion.

Before the amendment of the Municipal Court Act in 1907, that court had all the power of the Circuit Court in regard to fixing the time within which a bill of exceptions might be presented, signed and filed. By that amendment the Legislature effectually denied to the court the power to act at any other time. Haines v. Danderine Co. *supra.* For want of power the order of February 4, 1911, was void,

and must be disregarded.   Lassers v. N. German Steamship Co. *supra.*

It is claimed on behalf of plaintiffs in error that the situation in this case is precisely the same as was the situation in Banker v. Miller, 148 Ill. App. 182, decided by this court in an opinion filed April 20, 1909, holding in substance that if a bill of exceptions has been presented to the trial judge for signature before the expiration of the time for filing the same, the failure of the trial judge to sign and file it within the time fixed is immaterial, and the party presenting it should not be prejudiced because the judge may not actually sign and file it until after the time fixed has expired.   That decision was based however upon the decisions of the Supreme Court under the statute of February 4, 1819, and the Practice Act, and the practice which grew out of the action of the courts thereunder.   In Haines v. Danderine Co. *supra,* the opinion was filed December 21, 1910, nearly two years subsequent to the ruling in Banker v. Miller.   The court said: "Arguments based upon the practice in the Circuit Court are not in point, because the object of the amendment was to change that practice, so far as the Municipal Court is concerned and limit the time within which bills of exceptions must be presented."   Banker v. Miller is therefore overruled in effect, and is not the law.

Upon the authority of the cases cited the statement of facts in this record was signed and filed when the judge or court had no power to act in the matter, and it cannot be considered as a part of the record.   The motion to strike must be sustained.

The errors assigned are clearly confined to such matters as appear in the statement of facts, and do not relate to the statutory record.   The judgment of the Municipal Court is therefore affirmed.

*Motion to strike sustained and judgment affirmed.*