Shelton C. Burr et al., Defendants in Error, v. Co-operative Construction Company, Plaintiff in Error.

Gen. No. 15,670.

1. MUNICIPAL COURT—*when statement of facts stricken.* A statement of facts must be filed within thirty days of the judgment date or within such time thereafter as may be fixed by an order of extension granted within such thirty days.

2. MUNICIPAL COURT—*what merits may be considered without statement of case.* Those affidavits and those proceedings which are sub-

stituted in the Municipal Court for pleadings are preserved for purposes of review without the aid of a statement of the case.

3. MUNICIPAL COURT—*when return of service upon corporation sufficient.* Service upon the treasurer of a defendant corporation is proper if it is certified that the president of such corporation was not found "in the city of Chicago;" certification need not include the county of Cook.

4. MUNICIPAL COURT—*effect given to substitutes for formal pleadings.* The substitutes 'in lieu of the formal pleadings authorized in the Municipal Court are to be construed most strongly against those employing them, and a plea attacking a writ should give a better one.

5. ATTACHMENT—*who not non-resident.* A foreign corporation doing business in this state pursuant to license, it having complied with the statutes of this state relative to its doing business here, is not a non-resident whose property is subject to attachment upon the grounds of non-residency.

Attachment. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed in part and reversed in part. Opinion filed June 19, 1911.

CHARLES W. CHASE, for plaintiff in error.

SEITZ, BRYAN & WILBER, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error presents some interesting questions of law and of the practice in the Municipal Court of Chicago. The plaintiff in error, the Co-operative Construction Company, is a corporation organized under the laws of the State of Maine, but for some years duly authorized and licensed to do business as a foreign corporation within the State of Illinois. Since that license on December 26, 1905, it has continuously done business in this State and has continuously maintained a principal office and place of business in the city of Chicago. Its general offices are located in Chicago and its general officers and board of directors there meet and transact the business of the company. There is, and was at the time of the bringing in the Municipal Court of the suit against it which is involved in this writ of error, on file with the Secretary of State of Illinois a proper affidavit showing

this location of its principal office and the name of a person who could be found at that office for the purpose of accepting service upon said corporation in all suits that might be commenced against it. Since the granting of said license the person so named has been at all times located at the principal place of business of the corporation in Chicago for the purpose of accepting service in all such suits.

February 26, 1909, Shelton C. Burr, acting in behalf of himself and Eugene H. Burr, copartners as Burr Brothers, filed his affidavit in the Municipal Court of Chicago for the purpose of beginning a suit in attachment for the said Burr Brothers against the Co-operative Construction Company, in which he stated that the said Co-operative Construction Company was indebted to the said Burr Brothers in the sum of $400 upon a contract for the payment of money in stated instalments, according to the terms of a written agreement between the said Burr Brothers and the Co-operative Construction Company, and that the said Co-operative Construction Company was not a resident of Illinois and was a foreign corporation, to wit, a corporation under the laws of Maine.

A writ of attachment in a case of the fourth class was issued by the Municipal Court, directing the Bailiff of the Municipal Court of Chicago to attach so much of the estate, real or personal, of the Co-operative Construction Company "to be found in your city" as shall be of value sufficient "to satisfy the said debt and costs," etc., and to "summon the Co-operative Construction Co. to appear and answer the complaint of the said Shelton C. Burr and Eugene H. Burr," etc., at the place of holding the Municipal Court of Chicago on the 8th day of March, 1909.

The bailiff returned the writ as executed by the attachment of certain office furniture, certifying, however, that by virtue of a forthcoming bond executed by said Construction Company with surety, he had returned the property to the defendants. He further certified that he had "served this writ on the within named Co-operative Construction Company, a corporation, by delivering a copy thereof to

Frederick H. Wood, Treasurer and Agent of said corporation, this 26th day of February, 1909, the President of said corporation not found *in the City of Chicago.*"

On March 6, 1909, the following appearance was entered in said cause:

"And now comes Charles W. Chase, and enters the special appearance of the Co-operative Construction Company in the above entitled cause for the sole and special purpose of objecting to the jurisdiction of the Court herein and the said attorney shows unto this Honorable Court that this Court has not jurisdiction of the person of the said Co-operative Construction Company by reason of the failure to serve the said Co-operative Construction Company with summons herein in the maner and form required by law.

Charles W. Chase,<br>
Attorney for said Co-operative<br>
Construction Company."

March 8, 1909, a motion was made by the defendant under this appearance "to quash the Bailiff's return of service." This motion was denied by the court on March 20th.

By recital in the orders of the court we are informed that on or before March 29th a motion to quash "the writ of attachment" had been made by the defendant, which, after postponement, came on to be heard May 1, 1909. On April 10th, apparently in furtherance and support of said motion, the defendant filed a written plea—sworn to—traversing "the affidavit for attachment filed" in the cause and "objecting to the attachment bond filed" in said cause. This document —presumably under the construction adopted by the Municipal Court of rule 12 of said court, which is that "In fourth class cases the defendant shall, by motion to dismiss supported by affidavit, set up such matters in abatement as would be set up in the Circuit Court by plea in abatement supported by affidavit"—is called in the record an affidavit. It is in the form of a plea in abatement of the attachment writ, and sets up the license of the defendant corporation to do business in this State, its compliance with the statutes

in relation to foreign corporations so doing business here and the location of a person named in a report filed with the Secretary of State at the principal place of business of the defendant, "at number 77 Monroe Street in the City of Chicago, Illinois, for the purpose of accepting service in all suits," and the matters concerning the location of its officers and business, as we have hereinbefore stated them. The plea or affidavit begins with a recital of a special appearance of the corporation for the sole purpose of traversing the affidavit for attachment and of objecting to the attachment bond, proceeds with a denial of non-residence and closes with a prayer for "judgment if the said plaintiffs shall further maintain their action against it."

No evidence appears to have been heard on the issues raised, but on the face of the record as it then stood the Municipal Court on May 1, 1909, entered this order:

"This day come the parties by their attorneys, respectively, for hearing on the defendant's motion heretofore entered herein to quash writ of attachment herein, whereupon the Court after hearing argument of counsel and being fully advised in the premises denies said motion."

In the same order, but succeeding the portion above quoted, are recited the calling of the defendant, its default, although it appeared "to the court that it had been duly served with summons," and then an assessment of damages at $400 and costs, "the court having heard the evidence and being fully advised in the premises." Then follows a judgment order in these words:

"It is therefore considered by the Court that the plaintiff have and recover of the defendant the said sum of four hundred dollars for their damages, and also their costs and charges by them herein expended, taxed at seven dollars, and that they have a special execution therefor against the property levied upon under the writ of attachment herein."

The amount of stay of execution bond was fixed in the

order and a proper bond was approved and filed on May 10th. In the meanwhile, on May 5th, this writ of error had been sued out of this court.

On June 1, 1909, appears this order:

"This day came the parties by their attorneys, respectively, and thereupon on motion of the defendant it is ordered by the court that the defendant's time in which to file its certificate of evidence herein be and the same hereby is (extended) to June 15, A. D. 1909."

"A Statement of Facts," reciting the findings of the court substantially as they are hereinbefore stated, naming "Questions of Law Involved" and giving the "Findings of the Court" thereon, certified by the Judge, appears by the record before us to have been filed on June 15, 1909.

The plaintiff in error (defendant below) has assigned for error the denial of the motion to quash the bailiff's return, the denial to quash the writ of attachment, the defaulting of the defendant, the assessment of damages, and "ordering special execution therefor issue," and the entry of judgment against the defendant and the various findings on the questions of law set forth in the Statement of Facts.

The first question we are called on to consider is raised by the defendants in error by an objection to our considering the Statement of Facts found in the transcript before us. This objection, they claim, is "fatal to the jurisdiction of the court to review the finding of the lower Court."

The objection to the Statement of Facts is based on the provision of the Municipal Court Act that the application to the judge to sign and file such a Statement and the presentation of the Statement must be made within thirty days of the judgment, or within a further time allowed by him, on motion made within said thirty days; and that the action of the court in signing and filing a statement presented after that time is void and without jurisdiction, and makes the statement no part of the record. This is the construction given to the statute by the Supreme Court in Lassers vs. North German Steamship Co., 244 Ill. 570. No motion to

strike the Statement of Facts from the transcript of the record was made herein, but it was not necessary. On the objection now made we must refuse to consider it as a part of the record. The judgment was entered May 1, 1909; the thirty days expired May 31, 1909; the application to extend the time to file "its certificate of evidence," which means, of course, its "Statement of Facts," was on June 1, 1909.

But we do not agree with the defendants in error that without this Statement of Facts we have "no jurisdiction to review the finding of the lower court."

We think the assignments of error, if sustainable at all, can be sustained on the record as it appears, without this Statement of Facts as well as though it contained it. It was to make this apparent that we have quoted so much *in extenso* from that record.

The case is of the fourth class, and requires no written pleadings. The 12th rule of the Municipal Court makes a motion to dismiss, supported by an affidavit, equivalent to a plea in abatement. In this case the motion heard on May 1st was a "motion to quash the writ of attachment," but it was evidently treated also as a motion to dismiss. The affidavit by which it was supported was equivalent to a plea in abatement. The opposition to it by the plaintiff was in the nature of a demurrer *ore tenus,* and admitted the allegations of the "affidavit" or plea. This construction of the proceedings is in furtherance of a hearing of this case on the merits. It dispenses with the findings of the Statement of Facts so far as the allegations of the "affidavit" are concerned. Considering those allegations as admitted by the pleadings, we are of the opinion that the defendant corporation was a resident and not a non-resident of the State of Illinois under the meaning of the Attachment Act. The language of the Attachment Act makes non-"residence," not non-"citizenship," the ground of attachment, and the Federal cases cited by counsel turning on diversity of citizenship do not apply. An alien residing in Chicago is not a citzen, but his property is not liable to attachment on that account.

It is true, however, that in cases in the Federal courts

involving questions of diversity of citizenship and locality of jurisdiction, expressions concerning the "residence" of corporations are found which would seem to bear out the contention of defendants in error. But they are dicta, and even if they were not would not be binding on us except so far as they approve themselves to our reason.

Queensberry vs. People's Building Loan and Savings Association, 44 West Virginia, 512, and Savage vs. the same Association, 45 West Virginia, 275, decided by the Supreme Court of Appeals of West Virginia, are more in point, but even they, as can be seen more clearly when they are read in connection with the opinion in Humphreys vs. Newport News and M. V. Co. 33 West Virginia, 135, on the authority of which they largely rest, fall short of holding a corporation continuously maintaining a principal office and continuously doing business in the State, as well as having an agent for service therein, a non-resident. But in any event, we are not inclined to follow them if they are held to decide that under the circumstances shown in this record a corporation is a non-resident under the meaning of an attachment act like ours.

We agree rather with the Supreme Court of New Jersey, that "the word resident as used in the attachment laws has a peculiar meaning," and that "the writ of attachment is an extraordinary mode of procuring the appearance of defendant and is not to be resorted to when the ordinary process of the law can be used, though the legal domicile of defendant may be out of the State." Hackettstown Bank vs. Mitchell, 28 N. J. Law, 516.

We are therefore of the opinion that the attachment in this cause should have been quashed, and that the part of the judgment that orders a special execution against the property levied on it is erroneous.

But thereupon another question arises. If the service of the summons included in the writ of attachment was a valid service on the corporation, the suit, under the 27th section of our Attachment Act and the 48th section of the

Municipal Court Act, should have proceeded, as it did, "to final judgment as though commenced by summons."

The return of the bailiff as to such service has been shown in our statement of the case included in this opinion. The plaintiff in error maintains that because the bailiff does not therein certify that the president of said corporation was not found in *the county of Cook,* but only that he was not found *"in the city of Chicago,"* the service on the "treasurer and agent of said corporation" did not secure for the Municipal Court jurisdiction as by personal service of the corporation. We are not of the opinion that the question thus raised is one of practice, as to which no assignment of error can be allowed in this court. It may, however, properly be called one of jurisdiction as to which the provisions of the Municipal Court Act are valid, under section 34 of article 4 of the Constitution, despite section 29 of article 6. Lassers vs. North German Steamship Company, 244 Ill. 570–574.

We do not think the case of Michigan State Ins. Co. vs. Abens, 3 Ill. App. 488, cited by defendant, throws much light on the question for us, in view of the Municipal Court Act. Even if it did, it is not of course of authority.

A careful consideration of the matter leaves us of the opinion that in view of the localized jurisdiction of the Municipal Court of Chicago and the provision in section 48 of the Municipal Court Act, that "the practice and proceedings * * * in cases of attachment * * * included within the cases of the fourth class * * * shall be the same *as near as may be,* as that which is now prescribed by law for similar cases in other courts of record * * *;" the return of service on the "treasurer and agent" is sufficient on the further showing that the president is not found within the city of Chicago, the limits of which measure the extent of the jurisdiction of the court and of the authority of its officer.

There is another reason that may be of some force for so holding the service good. There can be no doubt, from the record of actual notice to the officers of the corporation,

of the pendency of the suit, and although it strove hard to confine its appearance to certain specified purposes, it did not in pleading, or doing what was equivalent to pleading, in abatement, give any better writ. Its representative and counsel swore that it had, under the statute, named a person who could be found at all times at its place of business in the city of Chicago, who was authorized to accept service. Section 3 of the Act of May 18, 1905, concerning Foreign Corporations, speaks of such a person as the attorney of the corporation "for *receiving* and accepting service." Neither in the "plea" or "affidavit" in abatement, nor in the preceding appearance and motion to quash the bailiff's return of service of the summons, is there any suggestion that the officer ("the treasurer and agent") of the company, who was served, was not the identical "person," "agent" or "attorney" whom the company had named as the person to receive or accept service.

In analogy to the rules of pleading where written pleadings are required, affidavits and motions in this matter perhaps should be construed most strongly against those making them. Under the circumstances it may well be assumed, in the absence of any showing to the contrary, that the proper "agent" was served.

We think that the motion to quash the return of service of the summons on the writ was properly denied, and that the court had jurisdiction of the person of the corporation.

Therefore when on being called the corporation made default, it was proper for the court to hear evidence, assess damages and give judgment as it did.

Our conclusions, therefore, lead us to the determination to reverse the judgment of the Municipal Court in so far, and only in so far, as it denies the motion to quash the attachment of the property levied on and orders a special execution on the judgment entered against the property levied upon under the said writ of attachment. In all other respects the said judgment is affirmed, with the provision that a general execution may issue on said judgment from the

said Municipal Court. The costs in this court·are to be taxed against the defendant in error.

*Affirmed in part and reversed in part.*