### B. Tomaszewski et al., etc., Plaintiffs in Error, v. Martin C. Anderson, Defendant in Error.

### Gen. No. 17,304.

BROKERS—*right to compensation.* Where the evidence shows that plaintiff, while negotiating a trade between defendant, owner of a flat building, and the owner of a farm, was informed by the latter that they could not make the trade and defendant was so notified, and it further appears that the trade was subsequently effected by another agent who had previously offered the same farm though it had not been known. by defendant that the farms were the same, it cannot be said that a verdict for defendant on the questions as to whether the plaintiff was employed by defendant and was the procuring cause of the transfer is against the manifest weight of the evidence.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

I. W. Foltz, for plaintiffs in error.

Bulkley, Gray & More, for defendant in error.

Mr. Justice F. A. Smith delivered the opinion of the court.

On April 28, 1911, a motion was made by defendant in error to strike the statement of facts from the record and to affirm the judgment. On May 16, 1911, the motion to strike was allowed and the judgment was affirmed, and on May 31, 1911, a rehearing was denied. On June 27, 1911, the order denying the petition for rehearing was vacated and likewise the order striking the statement of facts and order of affirmance, and the motion to strike the statement from the record was denied. The orders of June 27, 1911, were made for the reason that the attention of the court was called to Hill Co. v. U. S. Guaranty Co., 250 Ill. 242, in which the opinion was filed April 19, 1911, and the rehearing denied June 7, 1911. Under the authority of that case, this court was of the opinion that it had erred in sustaining the motion to strike the statement of facts from the record. By some error, the opinion filed on that motion in this case was not withdrawn from the reporter's hands and the opinion upon the motion to strike was erroneously published in Tomaszewski v. Anderson, 162 Ill. App. 211.

The case now comes before us upon the merits, and it appears that sometime in April, 1910, plaintiff in error advertised for sale or exchange a 200 acre farm. Defendant in error answered, offering in exchange a six-flat building located in Chicago. After some negotiations the matter was dropped. In June, 1910, plaintiffs in error wrote to defendant in error, offering him a 120 acre farm in Wisconsin. This same 120 acre farm had already been brought to the attention of the defendant in error by another real estate broker, one Buttles. Defendant in error testified that he was in-

formed by plaintiffs in error that the farm was clear
of incumbrance. By arrangement between plaintiffs
in error and defendant in error, a visit was made to
the farm, and later on, the owner of the farm, Peter-
son, looked over the defendant in error's flat building
in Chicago. After some negotiations had been had
with Peterson, the latter told plaintiffs in error he
could not make the trade and the defendant in error
was so notified.

Defendant in error then saw Buttles and for the
first time discovered that the farm of Peterson, offered
by plaintiffs in error, and the one offered by Buttles
were one and the same. Negotiations through Buttles
resulted in the closing of the deal between Peterson
and Anderson, and Buttles received his commission.
Plaintiffs in error, learning of the transfer, brought
an action against defendant in error in the Municipal
Court of Chicago to recover commission on the value
of the flat building.

The questions of fact as to whether plaintiffs in
error were employed by defendant in error, and were
the procuring cause of the transfer was submitted to
a jury in the trial court, and the verdict of the jury
in favor of the defendant is, we think, sustained by
the evidence. We think the evidence shows that the
employment of plaintiffs in error, if they were em-
ployed, in the matter of the trade that was finally car-
ried through, was terminated, and that afterwards
Buttles, another real estate agent, took the matter up
and succeeded in effecting a trade.

We have examined with care the errors assigned on
the refusal of instructions tendered by the plaintiffs
in error and are of the opinion that no reversible
error was committed by the court in refusing the in-
structions tendered. The court instructed the jury
orally and, in our opinion, fairly covered by its charge
the law applicable to the facts of the case.

The judgment is affirmed.

*Affirmed.*