## Norris Coal Mining Company et al., Plaintiffs in Error, v. George M. Beam, Defendant in Error.

1. CORPORATIONS—*when return does not show service of process on corporation.* A purported return of service of process upon a corporation in which it is mentioned only by a recital that another corporation upon which service was attempted "was formerly known as" the corporation in question, does not in the remotest degree approximate a showing of service.

2. CORPORATIONS—*service of process on agent or officer other than president.* Before service can be had on a corporation by leaving a copy with some agent or officer, other than the president, the return must show that the president cannot be found in the county.

3. CORPORATIONS—*when return of service of process on corporation is insufficient.* A purported return of service of process on a corporation by leaving a copy of the writ with some officer other than the president upon being unable to find such president in the county is insufficient where it recites merely "not being able to find the President," with nothing to show what president the officer was unable to find or what he was president of or where he was unable to find him; where it does not recite that the writ was served on the within-named corporation or anything equivalent to it; and where it recites merely "I have served the within" and "I have served by reading and leaving a copy" with nothing to show what it was the officer served or of what a copy was left.

Error to the Circuit Court of Fulton county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed October 25, 1921.

BURNETT M. CHIPERFIELD and CLAUDE E. CHIPERFIELD, for plaintiffs in error.

JESSE HEYLIN, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

On April 1, 1885, one Sargeant Vittum then being owner of certain lands in Fulton county, Illinois, made a lease for the same to one Taylor Williams to mine

coal thereunder. On July 15, 1907, the Norris Coal Mining Company having become the owner of the Vittum lease to Williams, procured a new lease from the heirs of Sargeant Vittum, then deceased, to run for the period of 30 years from date. This new lease contained a statement to the effect that as to all matters wherein the two leases were in conflict, the lease of July 15, 1907, should govern.

On July, 26, 1919, defendant in error filed his bill for partition of these and other lands in Fulton county, in which, as afterwards amended, he prays for partition and a cancellation of the "coal lease or leases" of the Norris Coal Mining Company, and for general relief. The Norris Coal Mining Company, a corporation, and the Genuine Norris Coal Mining Company, also a corporation, were both made defendants to the bill and summons against each of said named corporations as well as against a number of other named defendants was issued and was delivered to the sheriff of Fulton county to serve. This summons was, on August 15, 1919, returned served as to most of the defendants. The return was silent, however, as to whether service was had on the two defendant corporations above named, unless certain writing on the back of the summons can be construed to be intended as a return of service on the Genuine Norris Coal Mining Company. The writing referred to is as follows:

"Not being able to find the President, Vice President or Manager, I served the within by reading and leaving a copy with H. A. Tolberg, Superintendent of the Genuine Norris Coal Mining Company.

"Not being able to find the President, Vice President or Manager, I served by reading and leaving a copy with H. A. Tolberg, Superintendent of the Genuine Norris Coal Mining Company, formerly known as the Norris Coal Mining Company, and now doing business as the Genuine Norris Coal Mining Company."

On September 25, 1919, certain defendants to the bill, among them the Norris Coal Mining Company and the Genuine Norris Coal Mining Company, were defaulted and it was ordered by the court that as to them the said bill be taken as confessed. The cause was then referred to the master in chancery to take proofs. On January 12, 1920, the Genuine Norris Coal Mining Company, by its attorneys, entered its appearance in said cause specially for the purpose of challenging the jurisdiction of the court over the said defendant, and moved the court to set aside the said default and quash the return of the sheriff on the summons in said cause purporting to show service on said defendant on August 15, 1919. This motion was supported by an affidavit that H. A. Tolberg who was mentioned in the purported return as superintendent of the Genuine Norris Coal Mining Company was not and never had been its superintendent. This motion was stricken from the files by the court on motion of defendant in error. A report of the master in chancery was then filed and approved, and a decree for partition and appointing commissioners was entered, which held in part that the Norris Coal Mining Company and the Genuine Norris Coal Mining Company had no interest in the premises in question and ordered that the lease between the Vittum heirs and the Norris Coal Mining Company be canceled and restrained and enjoined the Norris Coal Mining Company and the Genuine Norris Coal Mining Company from exercising any rights under the said lease. A writ of error has been sued out by the Norris Coal Mining Company, and they have each assigned errors.

Section 8, of chapter 110, Rev. St. (Cahill's Ill. St. ch. 110, ¶ 8) provides how corporations may be served with process. It is as follows:

"An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is

brought. If he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company found in the county; and, in case the proper officer shall make return upon such process that he cannot in his county find any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent of said company, then such company may be notified by publication and mail in like manner and with like effect as is provided in sections twelve (12) and thirteen (13) of an Act entitled 'An act to regulate the practice in Courts of chancery.' ''

There is nothing on the summons in this case in the nature of a return that in the remotest degree approximates a showing of service on the Norris Coal Mining Company. The only time the name is used in the sheriff's return is where he recites that the Genuine Norris Coal Mining Company was formerly known as the Norris Coal Mining Company. It is beyond controversy that the circuit court did not have jurisdiction of the person of that company when default was adjudged against it, or when it was adjudged to have no interest in the premises in question, and the lease from the Vittum heirs to it was ordered canceled, and it was enjoined from exercising any rights under it.

The return fails as signally to show service on the defendant, the Genuine Norris Coal Mining Company. What probably was intended to show service on it first recites, "Not being able to find the President." It does not say what president the sheriff was not able to find, or what he was a president of. There is nothing to identify the president, he was not able to find, with the Genuine Norris Coal Mining Company. It does not recite that he was not able to find the president of that company. There is nothing in the so-called return that suggests what defendant the sheriff was trying to serve. It does not recite that he has

served the within writ *on the within named Genuine Norris Coal Mining Company* or anything equivalent to it. It does not say where he was unable to find the president mentioned in his return. It fails to say, "I cannot *in my county find* the president of the Genuine Norris Coal Mining Company," or anything equivalent to it. This so-called return then proceeds in one clause of it to say: "I have served the within"; the within what? Was it the writ, or was it the within-named defendant, that was served? The return does not disclose. In the other branch of the return the words "I have served by reading and leaving a copy" are used. What he served, or what he left a copy of is not suggested. Which of these divisions of the return was intended to apply to the Genuine Norris Coal Mining Company, if either, is left to conjecture.

Before service can be had on a corporation by leaving a copy with some agent or officer of it, other than the president, the return must show that the president of the company, on which service is desired, cannot be found *in the county. Chicago Sectional Elec. Underground Co. v. Congdon Brake Shoe Mfg. Co.,* 111 Ill. 309; *Chapman v. North American Life Ins. Co.,* 212 Ill. App. 389; *Michigan State Ins. Co. v. Abens,* 3 Ill. App. 488; *Collins v. American Spirit Mfg. Co.,* 96 Fed. 133.

For the reasons suggested the return in question fails to show service on the Genuine Norris Coal Mining Company. We do not regard this return as merely defective or as showing a defective service, but as failing to show any service on said corporation. Counsel for defendant in error do not favor us with any suggestions as to the validity of this return but content themselves with insisting that the sufficiency of it cannot be tested by motion. They say a plea in abatement is the only way the question can be raised. It is true that the approved way of challenging the sufficiency of service of a writ at the return term

thereof for some reason not appearing from the face of the return, as, for instance, where it is sought to deny the agency of the person with whom a copy of the writ is left as certified in the return, is by plea in abatement, and possibly the same is true at all times before judgment of default is entered, where delay in filing such a plea can be justified, but where the return fails to show service prima facie and the court nevertheless proceeds to act as if, having jurisdiction, the error can be taken advantage of by motion under section 89 of chapter 110, Rev. St. (Cahill's Ill. St. ch. 110, ¶ 89) in the nature of a writ of error *coram nobis*. *City of Chicago v. Nodeck*, 202 Ill. 257; *Court of Honor v. Dinger*, 221 Ill. 176; *Krieger v. Krieger*, 121 Ill. App. 11; *McIntyer v. Houseman*, 108 Ill. App. 276; *Chapman v. North American Life Ins. Co.*, 212 Ill. App. 389.

It makes small difference how the attention of a court is called to the lack of jurisdiction, if that lack is once discovered the court will of its own motion stop where it finds itself. Without jurisdiction a court cannot hear and determine issues. No service is shown to have been had on either the Norris Coal Mining Company or the Genuine Norris Coal Mining Company in this case and the decree of the circuit court as to them is a nullity, and it is reversed and the cause is remanded to that court.

*Reversed and remanded.*