# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

---

RUDOLPH WURLITZER COMPANY, Appellee, *vs.* CHARLES
F. DICKINSON, Appellant.

*Opinion filed October 28, 1910—Rehearing denied Dec. 8, 1910.*

1. PRACTICE—*municipal court of Chicago cannot extend time
for filing statement after thirty days from judgment.* In cases of
the fourth class the municipal court of Chicago has no power to
extend the time for filing the statement or stenographic report,
which serves as a bill of exceptions, after thirty days from judg-
ment, even though there is a stipulation of the parties to extend
the time. (*Lassers v. Steamship Co.* 244 Ill. 570, adhered to.)

2. SAME—*how to raise question whether point was made in Ap-
pellate Court.* To enable the Supreme Court to determine whether
a certain point was raised in the Appellate Court, a motion should
be made, under rule 15 of the Supreme Court, for leave to file a
certified copy of the briefs filed in the Appellate Court.

3. SAME—*when Supreme Court cannot say that question was
waived because not raised in the Appellate Court.* The question
whether the bill of exceptions in the municipal court was filed in
time may be raised in the Appellate Court in the brief and argu-
ment, and hence if no certified copy of the brief and argument used
in the Appellate Court is filed in the Supreme Court upon leave
granted, the Supreme Court cannot say whether such point was
waived because not raised in the Appellate Court.

CARTWRIGHT, J., VICKERS, C. J. and HAND, J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. ANTHONY J. CLARITY, Judge, presiding.

F. WILLIAM KRAFT, for appellant.

ELBERT C. FERGUSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of the fourth class, brought in the municipal court of Chicago by appellee, the Rudolph Wurlitzer Company, against appellant, Charles F. Dickinson. After a trial before a jury a judgment was entered against appellant for $761.01. The Appellate Court affirmed this judgment. A certificate of importance having been granted by that court, this appeal followed.

Appellee is an Ohio corporation dealing in musical instruments, with a branch place of business in Chicago. At the time the debt was contracted the appellant was a retail dealer in musical instruments in Chicago. The judgment was founded on six promissory notes, of $25 each, given by appellant to appellee, and upon a balance due to appellee upon an open account. March 24, 1900, appellee secured a license from the Secretary of State of Illinois to carry on business in this State pursuant to the statutes then existing. The license so granted stated that the appellee company was authorized to do business in the State of Illinois "for the term of ninety-nine years, and is entitled to all the rights and privileges granted to foreign corporations under the laws of this State."

Appellant contends that although appellee has paid the fee required by the law in force when the license was issued, and was entitled, under that law, to prosecute suits in this State, yet that said company may not maintain this

suit in any court of this State because it has failed to comply with the provisions of the law that went into force in 1905 as to licensing foreign corporations. Appellant further contends that the trial court erred in admitting certain evidence. Counsel for appellee insists that the bill of exceptions (called in the Municipal Court act a "statement" or "stenographic report") in this case was not filed within the time required by statute, as appears from the record, and that therefore neither of these questions, which are shown only by the bill of exceptions, can be considered by the court.

The record shows that judgment was entered in this case on June 26, 1908; that the writ of error was sued out from the Appellate Court on the next day; that July 10, 1908, an order was entered, by stipulation of the parties, extending the time to file bill of exceptions to twenty days from July 26, 1908. On August 11, 1908, a similar order was entered on a similar stipulation extending the time to file a bill of exceptions to August 28, 1908. A similar order was entered August 26, 1908, on a similar stipulation, extending the time to and including September 2, 1908, in which to file a bill of exceptions. The bill of exceptions was filed August 29, 1908.

In *Lassers* v. *North-German Steamship Co.* 244 Ill. 570, we held that under paragraph 6 of section 23 of the Municipal Court act the municipal court could not, as to cases of the fourth class, extend the time for filing the statement or stenographic report after thirty days from judgment; that the municipal court had no power to make such an order. Counsel for the appellant insists that this construction of the Municipal Court act results in great injustice. However that may be, such construction seems to be the only fair and reasonable one from the wording of the statute. If it results in injustice to litigants, any suggestions for a change must be addressed to the legislature and not to the courts.

Counsel for the appellant contends that the *Lassers case* does not control here, as in this case there was a stipulation to extend the time to file the stenographic report, which was not the fact in the *Lassers case.* The provisions of the statute on this point cannot be waived by stipulation. The reasoning in the *Lassers case* is conclusive on the facts here.

Counsel further contends that this point was not raised by the appellee in the Appellate Court and therefore it was waived. Rule 15 of this court (235 Ill. 15) provides that where it is important to determine what questions were presented in the Appellate Court, certified copies of the briefs and arguments filed and used in that court may be filed and used in this court, on motion and leave granted. No certified copies of the Appellate Court briefs are on file in this court and no motion was made for leave to file them. This court, therefore, is not informed, under our rules, whether or not such question was raised in the Appellate Court. (*City of Chicago* v. *Cook,* 204 Ill. 373.) For this reason we cannot hold that the question whether the statement and stenographic report in the municipal court were filed within the time required by the Municipal Court act was waived by failing to raise it in the Appellate Court.

The statement and stenographic report, or bill of exceptions, by whichever name it may be called, cannot be regarded as a part of the record. Since no errors are complained of which appear otherwise of record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

CARTWRIGHT, J., VICKERS, C. J. and HAND, J., dissenting:

We do not concur in that part of the foregoing opinion which holds that the question whether a bill of exceptions was filed in proper time can be raised in the brief and argument upon the errors assigned on the record. We think it must be presented by motion, and if not so presented it is waived.