GEORGE B. HAINES, Appellee, vs. THE KNOWLTON DAN-
DERINE COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. BILLS OF EXCEPTIONS—*reducing bill of exceptions to form at trial has never been required.* Since the taking of a bill of exceptions first became a part of the procedural law in Illinois it has never been required that the bill should be reduced to form at the trial, but it was sufficient if this was done during the term, although it was essential that the bill should show that an exception was taken at the trial. (Contrary expression in *Hake* v. *Strubel,* 121 Ill. 321, disapproved.)

2. SAME—*practice of allowing bill of exceptions to be prepared at a subsequent term is not founded on statute.* The practice in circuit courts, where the parties have so agreed or the court has so ordered, of permitting a bill of exceptions to be prepared and signed in vacation or at a subsequent term is not founded upon the statute but grew out of the action of the courts.

3. SAME—*prior to amendment of 1907 the municipal court had the same power as circuit courts concerning bills of exceptions.* Prior to the amendment of the Municipal Court act, in 1907, the municipal court, in cases of the first class, had all the power of the circuit court in regard to fixing the time when the bill of exceptions might be filed.

4. SAME—*amendment of 1907 limits power of municipal court to extend time for filing bill of exceptions.* Under section 38 of the Municipal Court act, as amended in 1907, the municipal court, in cases of the first class, may extend the time for tendering the bill of exceptions upon application made therefor within sixty days after the entry of a final order of judgment, but it cannot grant an extension after such sixty days, even though the application is made within the period of an extension granted within such sixty days. (*Lassers* v. *Steamship Co.* 244 Ill. 570, followed.)

5. PRACTICE—*motion to strike bill of exceptions may be made after joinder in error.* A motion to strike a bill of exceptions from the record because the same was not filed within the proper time may be made in the Appellate Court after joinder in error; and the question of what is the record may be tried by the record at any time.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding.

Moses, Rosenthal & Kennedy, (Joseph W. Moses, and Walter Bachrach, of counsel,) for appellant.

James A. Brady, and William English, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The Knowlton Danderine Company appealed to the Appellate Court for the First District from a judgment rendered against it in favor of George B. Haines by the municipal court of Chicago on July 11, 1908. The Appellate Court sustained a motion made by the appellee to strike from the record the bill of exceptions, and, because no error was assigned which appeared otherwise than by the bill of exceptions, the judgment was affirmed. A certificate of importance was granted and the appellant has brought the record here, the only question presented being as to the action of the Appellate Court in striking the bill of exceptions from the record.

The case in the municipal court was one of the first class. Before the expiration of the period of sixty days within which the Municipal Court act provides a bill of exceptions may be tendered to the judge,—that is, on September 3, 1908,—an order was made extending the time for presenting the bill of exceptions to September 30. On September 30 an order was entered upon the stipulation of the parties for a further extension, and similar orders were afterward entered upon a like stipulation, always before the expiration of the preceding extension. The bill of exceptions was presented on October 10, 1908.

Section 38 of the Municipal Court act provides that in cases of the first class "a bill of exceptions may be tendered to the judge at any time within sixty days after the entry of a final order or judgment, or within such further time thereafter as the court, upon application made therefor within such sixty days, may allow." The claim is made on behalf of the appellant that the court may grant repeated

extensions indefinitely after the expiration of such sixty days, provided, only, that the original extension shall have been granted within such sixty days and the subsequent extensions within the limit of a prior extension and by an agreement of the parties. The bill of exceptions, which was before unknown, had its origin in the statute of Westminster 2, (13 Edw. 1, chap. 31,) which directed the justices to allow and put their seals to an exception when he that alleges the exception writes the same and requires them to do so. The statute did not appoint the time when the exception should be allowed and sealed, but the practice was, as the nature of the thing required, that the substance of the exception should be reduced to writing when taken, though it need not then be drawn up in form. (2 Tidd's Pr. 863.) By the statute of February 4, 1819, (which is now chapter 28 of the Revised Statutes,) this statute became a part of the law of Illinois. Section 19 of the act of January 29, 1827, concerning practice in courts of law, which with slight changes is the first sentence of section 81 of the present Practice act, introduced no change, but is substantially the same as the statute of Westminster 2 and is declaratory of the law as it has existed since the State was organized. It seems never to have been regarded as necessary to reduce the bill of exceptions to form at the trial but it was sufficient if this was done during the term, though it was essential that the bill should show that the exception was alleged at the trial. (*Gibbons* v. *Johnson,* 3 Scam. 61; *Evans* v. *Fisher,* 5 Gilm. 453; *Burst* v. *Wayne,* 13 Ill. 664; *Walton* v. *United States,* 9 Wheat. 65; *Ex parte Bradstreet,* 4 Pet. 102.) On account of the inconvenience or necessity of the case, the practice seems always to have obtained, in cases where the parties agreed or the court so ordered, to permit the bill of exceptions to be prepared and signed in vacation or at a subsequent term. (*Evans* v. *Fisher, supra; Burst* v. *Wayne, supra; Ex parte Bradstreet, supra.*) This practice was not founded upon

the statute but grew out of the action of the courts. The opinion in *Hake* v. *Strubel,* 121 Ill. 321, inadvertently went too far in saying that the bill of exceptions was required to be presented, settled, signed and sealed before verdict or before the jury were discharged. Exceptions were required to be taken at the time but might be reduced to form during the term.

When the Municipal Court act was adopted it was provided by sections 19 and 28 that until otherwise provided by the rules of the municipal court, except as in the act otherwise prescribed, cases of the first class should be commenced and prosecuted in the same manner as similar suits or proceedings in the circuit court and the practice should be the same. No other provision was made in regard to the time of preparing and filing bills of exceptions, for the sentence quoted above from section 38 of the Municipal Court act was not contained in that section originally. Bills of exceptions were therefore governed by the practice prevailing in the circuit court, and the municipal court adopted by a rule section 81 of the Practice act as applying to the municipal court. The necessity of a formal exception and the seal of the judge was abolished by section 38, and it was only necessary to a review of any ruling of the court that it should appear that such ruling was objected to. Section 21 of the act provided that there should be no stated terms of the municipal court, but that the court should always be open for the transaction of business.

In 1907 the Municipal Court act was amended and the provision in regard to the time within which bills of exception might be presented was added. Before that amendment the municipal court had all the power of the circuit court in regard to fixing the time within which a bill of exceptions might be filed. The amendment could have had no other object than to limit this power. By enacting that the bill of exceptions may be presented within sixty days after the entry of the final order or judgment, or within

such further time thereafter as the court, upon application therefor made within such sixty days, may order, the legislature has effectually denied to the court the power to act at any other time. The expression of one thing is the denial of another. To permit the presentation of the bill under the circumstances of this case would be to entirely ignore the words, "upon application therefor made, within such sixty days," limiting the time within which the court may grant an extension, and would require us to construe the act as if those words were omitted.

We do not see that the agreement of the parties affects the question. They cannot authorize the court to do what the law has denied it the power to do. Arguments based upon the practice in the circuit court are not to the point, because the object of the amendment was to change that practice, so far as the municipal court is concerned, and limit the time within which bills of exceptions must be presented. This case does not differ, in principle, from that of *Lassers* v. *North-German Lloyd Steamship Co.* 244 Ill. 570. One of the objects in creating the municipal court was the disposition of litigation with as little formality and delay as possible. It was probably thought conducive to expedition to require the completion of the record of the trial court as promptly as possible, and that this could be secured by limiting the time within which the bill of exceptions should be presented. Of course, by granting unreasonable extensions, as has been suggested, the judges of the court might thwart this object, but the legislature would not presume that they would do so.

The appellant contends that the motion in the Appellate Court, because not made until after joinder in error, was too late. The objection was of such a character as could be availed of at any time.

The appellant, by its assignment of errors in the Appellate Court, alleged that there was error in the judgment. It referred to the bill of exceptions to show such error,

and the appellee answers that the alleged bill of exceptions is no part of the record for reasons apparent on an inspection of it. The question of what is the record may be tried by the record at any time. *Wurlitzer Co.* v. *Dickinson,* 247 Ill. 27.

The Appellate Court did not err in striking the bill of exceptions from the record, and its judgment will be affirmed.

*Judgment affirmed.*