## The Butterick Publishing Company, Limited, Appellant, v. Fort Dearborn National Bank, Appellee.

### Gen. No. 16,035.

1. MUNICIPAL COURT—*within what time bills of exception must be filed.*  The municipal court act as amended in 1907 limits the time within which the municipal court has jurisdiction in the first class cases to act with reference to bills of exceptions, to 60 days, and such time in addition as within 60 days may be on application granted.

2. VERDICT—*when separate documents constitute single.  Held,* that the several documents referred to in this case were in reality, as they were treated, instruments which constituted one single verdict.

Assumpsit.  Appeal from the Municipal Court of Chicago; the HON. FRED L. FAKE, JR., Judge, presiding.  Heard in this court at the October term, 1909.  Affirmed.  Opinion filed February 26, 1912.

PLINY B. SMITH, for appellant.

PATTISON & SHAW, for appellee; DOUGLAS C. GREGG, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

604　　　Appellate Courts of Illinois.

The Butterick Pub. Co. v. Ft. Dearborn Nat. Bk., 167 Ill. App. 603.

In this case, which was brought as a case of the first class in assumpsit, in the Municipal Court of Chicago, on July 10, 1908, a judgment was on March 27, 1909, rendered by that Court against the defendant, the Fort Dearborn National Bank of Chicago, in favor of the plaintiff, The Butterick Publishing Company (Limited). The judgment was based on the verdict of a jury to whom the cause was submitted. The jury found the issues for the plaintiff and on March 10, 1909, returned two verdicts in the following forms:

"We, the jury, find the issues joined in favor of the plaintiff and assess its damages at the sum of One Hundred no-100 Dollars with interest at the rate of 5% per annum from February 10th, 1908, to date."

"We, the jury, find the issues joined in favor of the plaintiff and assess its damages at the sum of One Hundred Five 42-100 Dollars, being $100.00 with interest at 5% per annum from February 10th, 1908, to date, $5.42-100."

Each "verdict" was signed by all the jurymen. The judgment rendered by the Court was for $105.42 and costs.

This amount was much less than that claimed by the plaintiff, whose demand, as shown by the affidavit of amount due attached to its declaration, was for $6875.91 with interest thereon from February 10, 1908. The plaintiff appealed and was, on said 27th day of March, 1909, given thirty days to file an appeal bond and ninety days in which to file its bill of exceptions. Sixty days from March 27, 1909, expired May 26, 1909. Ninety days from March 27, expired June 25, 1909. On the 25th day of June, 1909, a stipulation between the counsel for the respective parties was presented to the court, that the time for "presenting and filing bill of exceptions" be extended to July 25, 1909. An order in accordance with the stipulation was entered by the court on the said 25th day of June, ex-

tending the time to July 25, 1909, for "presenting and filing said Bill of Exceptions."

On July 27, 1909, another stipulation was presented to the court, signed by the same counsel, for the extension of the time for "filing the bill of exceptions" to include August 7, 1909, and an order to that effect was on that day entered by the Court. On the 6th day of August, 1909, another stipulation was filed and another order entered for the extension of time for "filing the bill of exceptions" until September 20, 1909. On the 17th day of September, 1909, a bill of exceptions, duly signed and sealed by the trial Judge (the time of said signing and sealing or of the presentation thereof not otherwise appearing), was filed in the office of the Clerk of the Municipal Court and is a part of the transcript of the record before us in this appeal.

Counsel for appellee, however, have here raised the question of the jurisdiction of the Municipal Court to grant the various extensions of time to "present" and "file" the bill of exceptions, and in their brief and argument say:

"It is therefore our opinion that there is now no proper bill of exceptions before this Court, and we respectfully ask that the purported bill of exceptions be stricken from the record."

We are obliged to accede to this request under the authority of Haines v. The Knowlton Danderine Company, 248 Ill. 259.

The Supreme Court in its opinion in that case says that the agreement of the parties does not affect the question. It also says the objection can be availed of at any time. In the case at bar, as in that case, "The appellant by its assignment of errors in the Appellate Court alleges that there is error in the judgment. It refers to the bill of exceptions to show such error, and the appellee answers that the alleged bill of exceptions is no part of the record, for reasons apparent on an

inspection of it. The question of what is the record may be tried by the record at any time.''

Irrespective of the inference that might be naturally drawn as to the time at which the bill of exceptions in the case at bar was presented and signed, from the fact that it was not filed until September 17, 1909, it is clearly shown that it was not so presented and signed at or before June 25, 1909 (which was the last day on which its presentation and signing would have been legally effective), by the stipulated order entered on that day for an extension of time not only for ''filing,'' but for ''presenting'' the bill.

The Supreme Court in the Knowlton case, *supra,* definitely declares that the Municipal Court Act as amended in 1907 limits the time within which the Municipal Court has jurisdiction in first class cases, to act with reference to bills of exceptions, to sixty days, and such time in addition as within sixty days may be, on application, granted.

In Lassers v. Steamship Co., 244 Ill. 570, it has decided the Act, so far as it affects the completion of a record in the Municipal Court, to be constitutional.

The ''bill of exceptions'' is stricken from the transcript of the record.

The only assignments of error which do not necessarily fall with the bill of exceptions are the 5th, 6th, 7th, 8th and 10th, which are:

''5     There were two verdicts in the case.

6.    The Court erred in receiving two verdicts in the case.

7.    The Court erred in entering a judgment in the case.

8.    It does not appear on which verdict the judgment was entered.

10.   The Court erred in overruling the motion in arrest of judgment.''

It is manifest that in the record without the ''bill of exceptions'' there is nothing on which to base the

7th and 10th of these assignments, unless the 5th, 6th and 8th are good. It is equally clear to us that there is no merit in the 5th, 6th and 8th. The "verdicts" rendered were in effect identical, and the judgment was the only one which could have been rendered on either. They were in reality, as they were treated, a single verdict, although reduced to writing in practically duplicate documents. There was no injurious error in receiving them.

The judgment of the Municipal Court will therefore be affirmed.

*Affirmed.*