### Edward E. Wilson, Defendant in Error, v. Elijah H. Johnson, Plaintiff in Error.

### Gen. No. 19,022.

1. MUNICIPAL COURT—*stenographic report.* The municipal court has no power, even by agreement or stipulation of parties, to enlarge the time for filing the stenographic report on an application made more than thirty days after the rendition of judgment.

2. PRACTICE—*recovery against one joint defendant.* Where a statement of claim recites "for services rendered" to defendants "and each of them at their request," and that "said defendants and each of them promised" to pay plaintiff a certain amount, recovery may be had against one defendant individually.

Error to the Municipal Court of Chicago; the Hon. RUFUS T. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 25, 1913.

EDWARD I. ALEXANDER, for plaintiff in error.

EDWARD E. WILSON, *pro se.*

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case a motion has been made by the defendant in error to strike from the record the stenographic report and affirm judgment, the case being on a writ of error from the Municipal Court. The judgment was entered October 5, 1912. Under the statute the time for filing a stenographic report expired November 4th of that year. On November 2nd application was made for an extension of time to November 12, 1912, and granted. On November 11th a further extension of 30 days was applied for and granted, and on November 29, 1912, the stenographic report was signed and filed.

The case of Haines v. Knowlton Danderine Co., 248 Ill. 259, is controlling upon us. The court had no power, even by agreement or stipulation of the parties, to enlarge the time for filing the report on an application made more than 30 days after the rendition of judgment. The motion to strike the stenographic report from the record is granted.

This leaves before us for consideration only the common-law record.

It is argued by the plaintiff in error that as the statement of claim shows a joint demand against Johnson and Edward H. Morris, the judgment against Johnson alone should not be allowed to stand. Before the case was submitted to the jury the suit as against Morris was dismissed. The statement of claim recites: "Plaintiff's claim is for services rendered to Elijah H. Johnson and Edward H. Morris and each of them at their request," and that "said defendants and each of them promised the plaintiff herein $750." We think the statement sufficient to warrant a recovery against Johnson individually.

The judgment is affirmed.

*Affirmed.*