## J. E. Smedley, Defendant in Error, v. American Engineering & Construction Company, Plaintiff in Error.

### Gen. No. 17,679.

1. MUNICIPAL COURT—*stenographic report.* In an action of the fourth class in the municipal court, where no stenographic report or bill of exceptions was signed or filed within thirty days after judgment was rendered as required by the Municipal Court Act, sec. 23, par. 6, and no extension of time was granted within that period, the court lost jurisdiction to sign or enter an order with reference thereto.

2. MUNICIPAL COURT—*stenographic report.* Where the municipal court loses jurisdiction because no stenographic report or "bill of exceptions" is signed or filed within thirty days after judgment was rendered as required by Municipal Court Act. sec. 23, par. 6, the parties cannot restore the jurisdiction of the court nor waive the statute by a stipulation extending the time to file the report.

Error to the Municipal Court of Chicago; the HON. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

F. J. CANTY and J. C. M. CLOW, for plaintiff in error.

DWIGHT D. ROOT, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff in error raises only one question, namely, whether the plaintiff below proved an "account stated," but this and all other errors assigned must rest upon the proceedings had at the trial. The transcript of them shows that the so-called "bill of exceptions" was not signed by the trial judge or filed in the time required by law.

It was a case of the fourth class. The judgment was rendered May 23, 1911. No stenographic report or bill of exceptions, as it is called in the record, was signed or filed within thirty days thereafter as required to be done under paragraph 6 of section 23 of the Municipal Court Act, nor was any extension of time for filing the same granted by the court within that period; hence the court lost jurisdiction to sign or enter an order thereafter with reference thereto. *Lassers v. North-German Steamship Co.,* 244 Ill. 570.

An order was entered June 23rd, thirty-one days thereafter upon a stipulation of the parties, extending the time to file said "bill of exceptions." But the jurisdiction of the court could not be restored nor the provisions of the statute waived by stipulation. *Wurlitzer Co. v. Dickinson,* 247 Ill. 27; *Haines v. Knowlton Danderine Co.,* 248 Ill. 259.

The motion of defendant in error to strike the transcript of the proceedings from the files will be granted, and there being no record of what we are asked to consider, the judgment is affirmed.

*Affirmed.*