E. R. Dickes, Appellee, v. Magill Weinsheimer Company and Dennis J. Egan, Bailiff of Municipal Court of Chicago, Appellants.

## Gen. No. 28,203.

1. APPEAL AND ERROR—*right to review of errors predicated on stricken record.* A judgment of the municipal court of Chicago in a fourth-class case for trial of the right of property will be affirmed on appeal where all the errors assigned by appellant are predicated upon a portion of the record which was stricken because not filed within the statutory time.

2. MUNICIPAL COURTS—*jurisdictional classification of actions.* A proceeding for the trial of the right to property is not taken out of the fourth class of actions under Municipal Court Act, sec. 2, subd. (d), Cahill's Ill. St. ch. 37, ¶ 390, by the fact that the value of the property exceeds $1,000, as the provision of subdivision (a) of sec. 2, imposing such jurisdictional limit of amount, is applicable only to actions for the recovery of money only.

Appeal by defendants from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed February 15, 1923.

CHARLES F. McELROY, for appellants.

VANDORF GRAY, ARCH F. NUTTALL and McKINLEY & PRICE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal by defendants below from a judgment of the municipal court of Chicago rendered against them in a proceeding for trial of the right of property, a case of the fourth class. (Municipal Court Act, sec. 2, subd. 4 (d), Cahill's Ill. St. ch. 37, ¶ 390.) The judgment was rendered April 5, 1922, and sixty days therefrom were allowed within which to file a bill of exceptions. Upon stipulation of the parties the court, on June 2, 1922, extended the time to July 1, 1922, and on June 29, 1922, a bill of exceptions was presented for filing, and later filed of that date pursuant to a *nunc pro tunc* order of September 6, 1922.

On February 5, 1923, we struck said bill of exceptions from the transcript of the record on appellee's motion, pursuant to the ruling in *Lassers v. North-German Lloyd Steamship Co.*, 244 Ill. 570, that the municipal court had no power to extend the time for filing a bill of exceptions in a fourth-class case after thirty days from the judgment, and the ruling in *Wurlitzer Co. v. Dickinson*, 247 Ill. 27, that the provisions of the statute on this point cannot be waived by stipulation.

Appellee now moves to affirm the judgment. Inasmuch as all of the alleged errors assigned and argued are predicated upon the stricken portion of the record, the motion will be allowed.

It is urged in opposition to the motion, as it was on the motion to strike, that as the property involved in the case exceeded $1,000 in value, the case must be deemed one of the first class and not governed by the rule stated with respect to the time for filing a bill of exceptions.

The cases of which the municipal court is given jurisdiction are divided into classes as stated in section 2 of the Municipal Court Act [Cahill's Ill. St. ch. 37 ¶ 390]. The fourth class includes "(a) all civil actions, quasi criminal actions excepted, for the recovery of money only when the amount claimed by the plaintiff, exclusive of costs, does not exceed $1,000 * * *; (b) all actions for the recovery of personal property when the value of the property sought to be recovered does not exceed $1,000; (c) all actions of forcible detainer, (d) all proceedings for the trial of the right of property, and (e) all actions and proceedings of which justices of the peace are now given jurisdiction by law and which are not otherwise provided for in this Act in which class of actions and proceedings the municipal court shall have jurisdiction where the amount sought to be recovered does not exceed $1,000."

It is contended that the words "where the amount sought to be recovered does not exceed $1,000" apply to the subdivisions (c) and (d) as well as (e). The contention is untenable. These words clearly refer to a class of actions where there may be a judgment for money, and not to any other kind of proceeding. There is nothing in the entire section to indicate an intention to classify cases either of forcible detainer or for the trial of the right of property with respect to the value of the property involved therein. All cases of the last two classes are designated as cases of the fourth class without any limitation.

Accordingly the judgment will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.