**Lillian Akehurst, Appellant, v. Ray W. Summe and Frank C. Voisinet, Appellees.**

**Gen. No. 38,423.**

Opinion filed October 22, 1935.

C. J. Loftus and W. J. Gleason, both of Chicago, for appellant.

A. D. McMahon and L. A. Wescott, of Chicago, for appellees.

Mr. Justice Friend delivered the opinion of the court.

Plaintiff seeks to appeal from an order entered June 20, 1935, granting defendants a new trial. July

19, 1935, 29 days after the entry of the order, this court extended, for a period of 30 days from July 19, the time within which plaintiff might file a record, abstracts and petition for leave to appeal.

Thereafter, August 16, 1935, during vacation, plaintiff moved for a further extension of 60 days from August 18, 1935, to file her record, abstracts and petition. The first division of this court ordered the motion held, and subsequently, October 1, 1935, it was assigned to this division of the court for determination.

The novel question presented by the motion is whether this court has jurisdiction within the extended period, but more than 30 days after the entry of the order granting a new trial, to allow a further extension of time for filing a record, abstracts and petition for leave to appeal.

The right of appeal is purely statutory. (*Bondurant v. Bondurant*, 251 Ill. 324, 327.) Prior to the enactment of the Civil Practice Act (ch. 110, ¶ 129 *et seq.*, Ill. State Bar Stats. 1935) the statute afforded litigants no right to appeal from an order granting a new trial. Under sec. 77 of the act, governing appeals, an order granting a new trial is now deemed to be a final order, but ''no appeal may be taken therefrom, except on leave granted by the reviewing court, or by a judge thereof in vacation within thirty days after the entry of the order, on motion and notice to adverse parties.''

The foregoing section of the act makes no provision for extending the time within which to file the record, abstracts and petition beyond the 30 days following the entry of the order. It is urged by plaintiff, however, in the suggestions filed with her motion that the further extension here sought may be allowed under par. 2, Rule 20, of this court, which provides that:

''Upon notice and motion, made within 30 days after the entry of the order granting the new trial, the reviewing court, or any judge thereof in vacation may

extend the time for filing the transcript of record and the abstract, and for the granting of leave to appeal.''

This rule does not help plaintiff, for it is reasonably clear from a consideration of the rule in connection with the statute that a petition for leave to appeal from an order granting a new trial must be filed within 30 days from the entry of such order, or within such extended time as the reviewing court may allow during said 30 days. Cases will undoubtedly arise in which an extension may become necessary, and the rule quoted makes ample provision therefor, with the limitation, however, that the extension must be granted within 30 days from the entry of the order. It does not specify or contemplate that a further extension may be allowed within the extended period, and after the 30 days following the entry of the order granting the new trial have expired. If the record in a case be voluminous and there are questions involved which require a lengthy extension of time for preparing the transcript of record, abstracts and petition, the litigants, who are presumed to be familiar with all the circumstances of the case, may request an extension that will give them ample time and opportunity to prepare their record and petition, but the motion to extend the time must obviously be made within the 30 days following the entry of the judgment as provided by Rule 20.

The common practice in reviewing courts of granting successive extensions of time to file abstracts and briefs in ordinary appeals has no analogy to the situation before us, because there is no statutory limitation imposed on the court for allowing extensions, or anything in the rules of court which prohibits them.

The Civil Practice Act and the rule quoted being of recent enactment, the precise question is here presented for the first time. However, a similar situation arose under the original Municipal Court Act governing the preparation of records for review in fourth class cases.

Par. 6 of sec. 23 (Cahill's Ill. Stats. 1931, ¶ 411, p. 955) provided that:

"Upon application made at any time within thirty (30) days after the entry of any final order or judgment, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge by whom such final order or judgment was entered, to sign and place on file in the case . . . a statement of the facts appearing upon the trial . . . or a correct stenographic report of the proceedings at the trial. . . ."

In *Lassers v. North German Lloyd S. S. Co.*, 244 Ill. 570, defendant sued out a writ of error to review a judgment entered against it in the municipal court in a fourth class case on June 5, 1909. July 1, 1909, the municipal court extended the time for filing a bill of exceptions to July 15. On July 14 an order was entered allowing a second extension, for an additional period of 10 days, and on July 21 there was filed a bill of exceptions in the cause. The Appellate Court struck the bill of exceptions and stenographic report from the record, on plaintiff's motion, because it was not signed or filed within the time allowed by the statute, affirmed the judgment and allowed a certificate of importance to the Supreme Court. The latter, in affirming the Appellate Court, said (p. 572):

"Paragraph 6 of section 23 of the Municipal Court Act makes it the duty of a judge entering a final order or judgment, within thirty days thereafter, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, to sign and place on file, at the request of either party, either a correct statement of the facts appearing upon the trial and of all questions of law and the decisions of the court thereon, or a correct stenographic report of the proceedings at the trial, and a correct statement of such other proceedings in the case as the party may desire to have reviewed. This statement or report,

with a certified copy of the judgment, and such other papers as may be specified by the judge, if any, constitute the record to be considered upon the review of said cause by the appellate court. The statement in this case was not signed or filed within any extension of time allowed by the court within thirty days of the entry of judgment. The only extension allowed within said period of thirty days expired July 15.

"It is claimed on behalf of appellant that having within the period of thirty days extended the time, the court might within the extended period again extend it. This claim has no basis in the statute. By express provision the extension must be granted within thirty days. After that time the power to grant an extension does not exist. Cases cited as to the practice in the circuit courts in reference to the signing of bills of exceptions and extensions of time therefor are not in point. The practice prevailing in those courts is well known but furnishes no guide to that of the municipal court, which depends entirely upon the statute."

In *Wurlitzer Co. v. Dickinson,* 247 Ill. 27, the same question was involved. A writ of error was sued out to review a judgment entered June 26, 1908. By stipulation of the parties an order was entered extending the time to file the bill of exceptions 20 days from July 26, 1908, and thereafter several further extensions were granted upon stipulation of the parties. The Supreme Court again held that under par. 6, sec. 23 of the Municipal Court Act, no jurisdiction was vested in the court to grant the extension beyond 30 days following the entry of the judgment, and *Lassers v. North German Lloyd S. S. Co., supra,* was cited and quoted. In reply to appellant's contention that the *Lassers* case had no application because in the *Wurlitzer Co.* case the extensions were allowed pursuant to stipulation of the parties, the court said that the provisions of the statute could not be waived by stipulation, and that "the reasoning in the *Lassers* case is conclusive on the facts here."

The right to appeal from an order granting a new trial is a privilege not heretofore given litigants, and it was clearly the intent of the act, and the rules adopted supplementary thereto, that the right should be exercised promptly. This is evidenced by comparison of Rule 20 with Rule 9, which provides for extensions of time for filing records, abstracts and briefs in ordinary appeals, upon good cause shown, within the court's discretion. Under Rule 20, appeal from an order granting a new trial is treated separately and is similar to Rule 21 governing interlocutory appeals, in that it contemplates prompt action on the part of litigants. In conformity with these views, we hold that under the provisions of the act and rules of this court the extension must be granted within 30 days after entry of the order granting a new trial; after that the power to grant a further extension does not exist.

The motion is denied.

*Motion denied.*

SCANLAN, P. J., and SULLIVAN, J., concur.

JUSTICES OF THE APPELLATE COURT SPECIALLY
CONCURRING:

We concur in holding that under the provisions of the Civil Practice Act and the rules of this court any extension of time for the filing of records, abstracts and petition for appeal from an order granting a new trial must be granted within 30 days after entry of the order by the trial court; that the court has no power to grant a further extension after the expiration of such 30-day period.

WILLIAM H. McSURELY
DAVID F. MATCHETT
JOHN M. O'CONNOR
ROSS C. HALL
OSCAR HEBEL
DENIS E. SULLIVAN