THE ILLINOIS SOUTHERN RAILWAY COMPANY

*v.*

PETER HAMILL.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

1. COSTS—*when overruling of a motion for security of costs is proper.* Overruling a motion for security for costs based upon an affidavit of plaintiff's non-residence is proper, as a matter of course, where plaintiff files a counter-affidavit of residence in this State and there is no further showing as to the matter at that time, although it subsequently appeared, from plaintiff's cross-examination on the trial, that he was not a *bona fide* resident of the State but the court was not asked to change its ruling on such motion.

2. APPEALS AND ERRORS—*what questions are concluded by the judgment of the Appellate Court.* The judgment of the Appellate Court confirming the finding of the jury that the whistle or bell of the defendant's locomotive was not sounded when approaching the highway crossing and that the failure to so sound the whistle or bell was the proximate cause of the plaintiff's injury is conclusive upon the Supreme Court, if there is any evidence in the record fairly tending to support such findings.

3. NEGLIGENCE—*what does not show negligence as a matter of law.* Evidence that the plaintiff, in approaching a railroad crossing, was riding with his face toward the rear of the wagon does not show negligence as a matter of law, where it is shown that the person driving, who was facing the crossing, was acquainted with the time of regular trains and that the one which caused the injury was a special, and when there is evidence that the whistle or bell of the locomotive was not sounded when the train approached the crossing, at which point the view was obstructed by tall hedges.

4. EVIDENCE—*when permitting a witness to state conclusion is not harmful error.* Permitting a witness to state that he believed himself to be in a perilous situation at the time he discovered defendant's train approaching is not harmful error, where he had previously stated to the jury all the facts within his knowledge surrounding the transaction.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. TRUMAN E. AMES, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Marion county in favor of the appellee for the sum of $5000, for a personal injury alleged to have been sustained by him by being run over at a public highway crossing in Clinton county by a passenger train of the appellant, whereby his left leg was crushed and broken, necessitating its amputation.

The declaration contained four counts. A demurrer was sustained to the first count, after which the general issue was filed. The three counts upon which the case was tried charged the appellant with negligence in failing to give the statutory signals of ringing a bell and sounding a whistle, and alleged appellee was in the exercise of due care for his own safety at the time of his injury.

The appellee and another young man, named Burns, arrived in Centralia on the evening of May 19, 1905. On the next day they arranged with a farmer by the name of Kingsley, who lived about four and one-half miles south-west of Centralia, to engage in picking strawberries for him, and on the afternoon of that day started, in company with Kingsley, in a farm wagon drawn by two horses, to go to his farm. The railroad of appellant, at the point upon the highway where the injury took place, runs in a north-easterly and south-westerly direction. Kingsley was sitting upon a spring seat placed upon the top of the wagon box, driving south upon a highway which runs north and south, which highway intersects appellant's railroad south and west of Centralia. The spring seat was without a back, and the appellee sat thereon upon the east side of Kingsley with his back to the horses. Burns sat upon the top of the west side of the wagon box in the rear of the spring seat, and was facing east. The road-bed of appellant's railroad and the highway at their point of intersection were on about the same level. There were hedge fences upon each side of the highway. The south end of the hedge upon the east side of the highway

came to within one hundred and thirty feet of the railroad track. Two hundred and thirty feet east of and parallel with that hedge there was another hedge, the south end of which ran to within thirty feet of appellant's track, and there was a hedge near the south ends of said hedges running parallel to the railroad right of way. These hedges were from fifteen to twenty feet high, dense with foliage, and obstructed the view of a person riding south in a farm wagon upon said highway, of a train approaching from the east upon the appellant's railroad. As the horses driven by Kingsley were about to step upon the railroad track Burns discovered a passenger train consisting of an engine and two passenger cars at about the point where the south end of the east hedge, if projected, would strike the railroad track, approaching the highway crossing at the rate of about fifteen miles an hour. He gave an alarm and immediately sprang out of the rear end of the wagon to the ground, upon the north side of the railroad track. Kingsley put whip to his horses and passed over the track in front of the train with safety and the appellee attempted to jump from the wagon in the direction taken by Burns. At the time he jumped Kingsley struck the horses, they sprang forward, and the appellee fell upon his hands and knees in the highway, between the rails of the railroad track, and before he could escape, the engine and cars passed over his left leg near the knee.

The engineer testified that he saw the team and wagon just as the engine passed the east end of the hedge which came to the railroad right of way east of the highway, and at that time they were within a few feet of the track; that he sounded the whistle at the time he left the Y, near the station house in Centralia, and again for the crossing, and that the bell upon the engine was ringing as the train approached the crossing. The station agent and two other persons testified they heard the whistle sound. Kingsley, the appellee and three other persons who were in the vicinity of the crossing testified they did not hear the bell ring or the

whistle sound, and that they did not know of the approaching train until it burst into view from behind the south end of the east hedge. Kingsley was familiar with the highway and railroad crossing but was not on the lookout for the train, as the train which caused the injury was an extra, and he testified he knew no regular train was due at that time.

R. J. GODDARD, and L. M. KAGY, (E. C. RITSHER, and W. T. ABBOTT, of counsel,) for appellant.

FRANK F. NOLEMAN, W. F. BUNDY, and HOWARD GARRISON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The first error assigned on this record is the action of the trial court in refusing to rule the appellee to give security for costs, and in default thereof to dismiss the case on the ground the plaintiff was a non-resident. The appellant, after it had been served with process, moved the court to rule the appellee to give security for costs, and upon a failure to comply with such rule asked that the case might be dismissed, and filed the affidavit of one of its attorneys, in support of the motion, that the appellee was a non-resident of the State of Illinois. The appellee filed his affidavit in opposition to the motion, stating that he was a resident of the State of Illinois, and that his residence was in the city of Chicago, in Cook county, whereupon the court overruled the motion and the appellant thereafter pleaded to the merits. We are unable to see wherein the court committed error in overruling appellant's motion. The affidavits, as far as we know, were entitled to equal credit, and as it did not appear, from the showing made in support of the motion, that the appellee was a non-resident of the State of Illinois, the court could not do otherwise than overrule the motion.

It is urged, however, that while the appellee was upon the witness stand it clearly appeared from his evidence, given

on cross-examination, that he was not a *bona fide* resident of this State. The motion was not based upon the cross-examination of appellee but had been overruled before such testimony was elicited, and the motion was not renewed by the appellant after the appellee had testified in the case as a witness. The ruling of the court upon the motion was correct when it was made, and the court was not asked to change its ruling after the appellee had testified as a witness in the case.

It is next assigned as error that the court erred in overruling its motion, made at the close of the appellee's evidence and again at the close of all the evidence, to take the case from the jury. The evidence was conflicting as to whether or not the statutory signals of the ringing of a bell and the sounding of a whistle were given by the appellant as its train approached the highway crossing at the time appellee was injured. In such state of the record the judgment of the Appellate Court is binding upon this court, and in considering the case this court must assume that the bell was not rung or the whistle sounded as the train approached the highway crossing.

It is, however, urged, that the evidence fails to show that the failure to ring the bell or sound the whistle was the proximate cause of the appellee's injury, and it is contended that appellee was guilty of such contributory negligence in approaching the railroad crossing, sitting with his face towards the rear of the wagon and without looking or listening for an approaching train, that he cannot recover. This court has repeatedly held that the questions of proximate cause and contributory negligence are questions of fact and not of law, and that where there is evidence in the record fairly tending to support the findings of the jury upon those questions, and the findings of the jury have been affirmed by the Appellate Court, the judgment of that court upon those questions is conclusive upon this court. In this case we think it clear there is evidence in the record which fairly

justified the jury in finding that by reason of the failure of appellant to ring a bell or sound a whistle as its train approached the crossing and by reason of the obstacles which intervened between the highway and the approaching train, and the further fact that Kingsley was well acquainted with the time when regular trains ran upon appellant's railroad, and that the train which injured appellee was a special, appellee was not guilty of such contributory negligence as would defeat a recovery on his part, and that when appellee discovered himself in peril he did what a reasonably prudent man might have done under the same circumstances to extricate himself from such perilous situation.    True, the appellee was riding with his face towards the rear of the wagon.   Kingsley, however, who was familiar with the highway and was driving the team, was facing the crossing and Burns was facing the direction from which the train approached the crossing, and Burns gave warning of the approaching train at as early a period of time as the appellee could reasonably have seen the train had he been facing the crossing.   In any event, we think the evidence in the record was of such a character that this court cannot say, as a matter of law, that the negligence of the appellant was not the proximate cause of the injury or that the appellee's right to recover was defeated by his own negligence.

The cases of *Chicago and Alton Railroad Co.* v. *Corson,* 198 Ill. 98, *Chicago and Northwestern Railway Co.* v. *Hansen,* 166 id. 623, *Chicago and Alton Railroad Co.* v. *Pearson,* 184 id. 386, and *Chicago and Alton Railroad Co.* v. *Lewandowski,* 190 id. 301, which were railroad crossing cases, we think clearly show that the trial court, in view of the facts disclosed by this record, did not err in submitting the case to the jury.

It is next assigned as error that the court erred in permitting Kingsley to state, when upon the stand as a witness, that he considered that he was in a perilous situation at the time he whipped up his horses and the appellee attempted

to get out of the wagon after they discovered the approaching train, as it is said the question called only for the conclusion of the witness. It, perhaps, may be true that the statement of the witness that he considered that he was in a dangerous situation was, in a sense, the conclusion of the witness. He had, however, before the question was asked, stated to the jury all the facts in his knowledge surrounding the accident, and if it were conceded the question was objectionable as calling for the conclusion of the witness, we think the answer worked no harm to appellant and should not be held to constitute reversible error.

It is finally contended that the court erred in instructing the jury. We have read the instructions given for and on behalf of both parties, and those modified and given, and those refused offered by the appellant, and have been unable to discover any reversible error committed by the court in the giving, modifying or refusing of instructions. The criticism made upon appellee's second given instruction that it nowhere includes the element "that the jury must find that the failure to give the signals, if proven, was the cause of the injury," we think without force, as that instruction was not given with the view to specify all the elements which the appellee must prove to entitle him to recover, but was designed to inform the jury if the appellee found himself in a perilous situation by reason of the failure of the appellant to give the statutory signals, and while endeavoring to extricate himself from the perilous situation in which he found himself he acted as a reasonably prudent man would act under such circumstances, that he might recover; and the criticism on appellee's given instruction No. 3, that it permits the jury to give the appellee "such an amount as will compensate him for his injuries," without requiring the jury to take into consideration the evidence in determining such amount, is not justified when the instruction is read and considered as a whole, and when the entire instruction is so read and considered the jury would have readily understood

that their verdict must be based upon the evidence. The modifications made to appellant's given instructions were designed only to bring those modified into harmony with those given, and the refused instructions were covered by other given instructions, or were a specification of facts which the jury were informed amounted to such contributory negligence on the part of the appellee as would defeat a recovery. We are of the opinion the jury were properly and fairly instructed as to the law governing the case.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*