## Sophie Spiehs, Administratrix of the Estate of Adam Spiehs, Deceased, Appellee, v. Samuel Insull, Receiver of Chicago & Oak Park Elevated Railroad Company, Appellant.

### Gen. No. 21,848.

1. MUNICIPAL COURT OF CHICAGO, § 25*—*what was purpose of statute fixing time for filing record.* The Practice Act, sec. 81 (J. & A. ¶ 8618), fixing the time within which a party desiring to prosecute an appeal or writ of error from a judgment may file a stenographic report of the trial containing all the evidence and all the rulings of the court upon all or any of the questions submitted to and ruled upon by the judge, for authentication by him, applies to any record of the court proceedings, whether in the form of a stenographic report, a bill of exceptions or a certificate of evidence, the intention of the Legislature in enacting such section being to simplify and not to complicate procedure.

2. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions may be stricken from record.* Where it appears that the bill of exceptions was not filed within the time required by law it will be stricken from the record.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

ADDISON L. GARDNER and CARROLL H. JONES, for appellant.

FRANCIS J. WOOLLEY, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

Appellee (plaintiff below), moves this court to strike from the record the bill of exceptions filed in this cause and to affirm the judgment from which this appeal was taken, for the alleged reason that said bill

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of exceptions was not presented nor filed in the court below within the time prescribed by law.

It appears from an inspection of the record, that the judgment in question was entered on April 3, 1915, at the March term of the Superior Court. An appeal was then prayed and allowed, and an order entered by the court giving appellant (defendant below) sixty days within which to file his bill of exceptions. Subsequently, by stipulation of the parties, orders were entered from time to time, extending the period within which to file said bill of exceptions, the final extension expiring September 15, 1915.

It is urged by plaintiff that under the provisions of section 81 of our Practice Act, ch. 110, Rev. St. of Illinois (J. & A. ¶ 8618), it was incumbent upon the defendant to present to the trial court and have filed therein his bill of exceptions, within the time fixed by the trial court *during the term in which the judgment was rendered,* i. e., sixty days from the date of the entry of judgment, as provided by the order of court entered at that time.

That part of section 81, *supra,* which bears directly upon the question here under consideration, provides as follows

"If, during the progress of any trial in any civil or criminal cause, either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the same, such ruling shall be deemed a matter for review in any court to which the same cause may be thereafter taken upon appeal or by writ of error without formal exception thereto, and after judgment, at any time during the term of the court at which judgment was entered or within such time thereafter as shall, during such term, be fixed by the court, any party desiring to prosecute a writ of error to or appeal from any such judgment, may submit to the court a stenographic report of the trial containing the evidence and the rulings of the court upon all or any of the questions

submitted to and ruled upon by the judge thereof, and he shall examine the same, and, if correct, officially certify to the correctness of such report, and the same shall thereupon be filed in said court and become a part of the record in said cause, and all matters and things contained in such stenographic report shall become as effectually a part of said record as if duly certified in a formal bill or bills of exceptions, or if, during the progress of any trial in any civil or criminal cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception and sign the same, and the said exception shall thereupon become a part of the record of such cause. A bill of exceptions, certificate of evidence, or report of trial allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried or by the presiding judge thereof, if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto. * * * "

All of the first part of said section preceding the reference to bills of exceptions was incorporated therein by said amendment of 1911.

In *Meek v. Chicago Rys. Co.*, 183 Ill. App. 256, it was held that the provision of said section relative to the presentation of a stenographic report to the trial court during the term in which the judgment is rendered, or at such time as shall be fixed by the court *during such term*, was restricted to a stenographic report, and had no application to a bill of exceptions. Underlying this conclusion was the theory by the court that said section 81 by its provisions offered two separate and distinct methods of preserving for review the adverse rulings of the trial court; one, by way of a stenographic report, the other by bill of exceptions. Since the rendition of that decision, however, the Supreme Court of this State has had occasion to construe the same section of the Practice Act, in the case

of *Miller v. Anderson,* 269 Ill. 608. The question there presented was, whether or not it was necessary, in a bill of exceptions, to show a formal exception taken to the adverse ruling of the trial court, in order to preserve such ruling for review. The court, in construing the whole section, held that this provision of section 81 applied not only to a stenographic report but to a bill of exceptions and certificate of evidence as well. In reaching this conclusion the court reasoned that the manifest intention of the Legislature in enacting this provision was to simplify practice and procedure, and hence, to hold that two methods were intended to be employed in preserving questions for review,—one peculiar to a stenographic report of the trial, and another, entirely different, to a bill of exceptions—would complicate rather than simplify court procedure. By analogous reasoning, we are led to the conclusion that by said section 81, as amended, the Legislature, in designating the time within which a stenographic report of the trial must be presented for authentication, intended that such limitation should apply to any record of the court proceedings, whether in the form of a stenographic report, a bill of exceptions or a certificate of evidence.

The bill of exceptions will therefore be stricken from the record; and no error appearing in the common-law record filed herein, the judgment will be affirmed.

*Affirmed.*